**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**In the Matter of:**

DIANE S. MONTGOMERY

Case No. 19-14361
Judge Beth A. Buchanan
Chapter 13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DIANE S. MONTGOMERY

Adv. Case No.

Debtor/Plaintiffs(s)

V.

**PLAINTIFF DIANE S. MONTGOMERY'S COMPLAINT FOR DAMAGES AND SANCTIONS AGAINST DEFENDANT FIFTH THIRD BANK, N.A.**

FIFTH THIRD BANK, N.A.,
℅ Timothy Spence, C.E.O.
38 Fountain Square Plaza
Cincinnati, OH 45683

Creditor/Defendant(s).

Debtor/Plaintiff Diane S. Montgomery ("Plaintiff" or "Montgomery"), through Counsel, and for her complaint against Creditor/Defendant Fifth Third Bank, N.A. ("Defendant" or "Fifth Third"), states as follows:

**INTRODUCTION**

1. This is an action for actual damages, punitive damages, and legal fees and expenses filed by Montgomery against Fifth Third under 11 U.S.C. § 105 for its improper and illegal actions and conduct which are not in compliance with and are in fact in violation of the Order of Confirmation (11 U.S.C. § 1325, *et seq.*), Order of Discharge (11 U.S.C. § 1328, *et seq.*), and other orders of this Court.

2. Montgomery has a private cause of action under 11 U.S.C. § 524 pursuant to the Sixth Circuit's decision in *In re Pertuso*, which states, while there is no private right of action for violation of the discharge injunction, a debtor may bring civil contempt charges against a party

that has allegedly violated the injunction, and if contempt is established, the debtor may be awarded damages as a sanction for that contempt pursuant to this Court's authority under 11 U.S.C. § 105. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421-423 (6th Cir. 2000); *see also Chambers v. Greenpoint Credit (In re Chambers)*, 324 B.R. 326, 329 (Bankr. N.D. Ohio 2005).

## PARTIES, JURISDICTION, AND VENUE

3. Montgomery is a natural person who is the owner of the real property located at 410 Sir Lawrence Drive, Hamilton, OH 45013 (the "Residence").

4. Montgomery maintained the Residence as her personal residence for all times relevant to this Complaint.

5. Fifth Third is a federally chartered bank with its headquarters and principal place of business located in Cincinnati, Ohio.

6. Fifth Third is the servicer of an Equity Flexline Credit Agreement (the "Flexline") as well as a mortgage on the Residence that secures the Flexline (the "Mortgage") (collectively, the "Loan"), and has acted in such capacity at all times relevant to the allegations in this Adversary Complaint.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

8. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

9. Like many individuals over the past decade, Montgomery experienced financial difficulties and made the decision to seek relief by filing for Chapter 13 under Title 11 of the

United States Code to seek relief on her secured debts and seeking a discharge of her other unsecured debts after completing her Chapter 13 repayment plan.

10. On December 5, 2019, Montgomery filed her voluntary petition for relief (the "Petition") under Title 11 of Chapter 13 of the United States Code in Chapter 13 with this Court.

11. Montgomery listed her ownership interest in the Residence on Schedule A of the Petition.

12. Montgomery listed Fifth Third as the holder of a secured claim on Schedule D of the Petition.

13. On or about January 21, 2020, Montgomery filed an Amended Chapter 13 Plan that provided for regular monthly mortgage payments of $230.00 to Fifth Third and an estimated payment of $4,000.00 to Fifth Third for arrearages.

14. The Amended Plan was confirmed on February 20, 2020.

15. On July 17, 2020, Fifth Third filed Proof of Claim 6-2, wherein Fifth Third sought $2,742.93 to cure the prepetition arrears.

16. On September 23, 2022, the Chapter 13 Trustee filed a Notice of Final Cure Payment stating that the Trustee paid Fifth Third $2,742.93 for the prepetition arrears.

17. The Notice of Final Cure Payment also states that the Trustee paid Fifth Third post petition payments for the months of January 2020 through September 2022.

18. The Notice of Final Cure Payment instructs that Montgomery must resume making regular mortgage payments beginning with the October 2022 payment.

19. Pursuant to Fed. R. Bankr. P. 3002.1(g), Fifth Third was required to respond to the Notice of Final Cure Payment within 21 days, or by October 14, 2022.

20. Fifth Third failed to timely respond to the Notice of Final Cure Payment.

21. Montgomery received her discharge on October 27, 2022.

22. On October 31, 2022, Fifth Third filed a response to the Notice of Final Cure Payment, wherein Fifth Third agreed that Montgomery paid the full amount required to cure the prepetition default and stated that she was current with all post petition payments, including all fees, charges, expenses, escrow, and costs.

23. The Response to Notice of Final Cure Payment states that the next post petition payment is due on October 25, 2022.

24. On or about September 28, 2022, Montgomery received a Line of Credit Statement from Fifth Third that sought an additional $1,999.41 labeled as "past due." A copy of the Line of Credit Statement is attached as **Exhibit 1**.

25. Montgomery remitted a payment of $206.00 to Fifth Third and Fifth Third subsequently imposed a late fee of $35.00 to the Loan.

26. In response to the Line of Credit Statement, on or about March 21, 2023, Montgomery, through counsel, sent a qualified written request ("QWR #1") pursuant to 12 U.S.C. § 2605(e) to Fifth Third. A copy of QWR #1 is attached as **Exhibit 2**.

27. Through QWR #1, Montgomery asserted that Fifth Third was attempting to collect payments for amounts it had already represented to this Court as paid in full. *See* Exhibit 2.

28. Montgomery, through counsel, also sent two requests for information (the "RFIs") pursuant to 12 C.F.R. § 1024.36 to Fifth Third in order to obtain information relating to the Loan, including a payment history for the Loan. Copies of the RFIs are attached as **Exhibit 3** and **Exhibit 4**.

29. Fifth Third failed to respond to QWR #1 within the statutory allotted period.

30. On or about April 28, 2023, Fifth Third's counsel, Brock & Scott, PLLC ("B&S"), sent an Acceleration Warning to Montgomery, demanding $7,139.70 in past due amounts and threatened foreclosure of the Residence. A copy of the Acceleration Warning is attached as **Exhibit 5**.

31. On or about May 16, 2023, Montgomery, through counsel, sent a Demand for Validation of Debt to B&S. A copy of the Demand for Validation is attached as **Exhibit 6**.

32. As neither Fifth Third nor B&S had responded to either QWR #1 or the Demand for Validation, on or about September 8, 2023, Montgomery, through counsel, sent a follow up qualified written request ("QWR #2") pursuant to 12 U.S.C. § 2605(e) to Fifth Third. A copy of QWR #2 is attached as **Exhibit 7**.

33. On or about November 3, 2023, Fifth Third sent a response to QWR #1 and QWR #2 (the "QWR Response"). A copy of the QWR Response is attached as **Exhibit 8**.

34. In the QWR Response, Fifth Third stated it applied the Trustee's conduit payments and Montgomery's October 2022 payment to "interest" and "attorney fees," but failed to address the discrepancy between the Response to the Notice of Final Cure Payment and the September 2022 Line of Credit Statement. *See* Exhibit 8.

35. On or about November 24, 2023[1], B&S sent a response to the Demand for Validation (the "B&S Response"). A copy of the B&S Response is attached as **Exhibit 9**.

36. In the B&S Response, B&S stated that Fifth Third agreed that Montgomery cured the prepetition arrears during the instant matter and made all of their post petition payments through September 25, 2022, however, B&S failed to address the discrepancy between the

---

[1] Although the Response to the Demand for Validation is dated October 6, 2023, the USPS envelope it arrived in shows it was mailed on November 24, 2024.

Response to the Notice of Final Cure Payment and the September 2022 Line of Credit Statement. *See* Exhibit 9.

37. Despite the foregoing, Fifth Third continues to demand amounts paid or otherwise discharged through the instant matter including as of September 25, 2024 a Complaint for Foreclosure in *Fifth Third Bank, National Association v. Richard P. Montgomery, et al.*, Butler County (OH) Court of Common Pleas Case No. CV 2024 09 1984. (the "Foreclosure").

38. While the Debtor has retained counsel to defend the foreclosure and prosecute affirmative claims against Fifth Third in the Foreclosure, Debtor remains in fear that she will lose her home as a direct result of Fifth Third's continued accounting errors and ignorance of this Court's orders.

## COUNT ONE:
## VIOLATION OF THE DISCHARGE ORDER
## (11 U.S.C. § 105, 11 U.S.C. § 524, and 11 U.S.C. § 1328)

39. Montgomery realleges all allegations contained in Paragraphs 1 through 37 as if fully restated herein.

40. 11 U.S.C. § 524(a)(2) states a discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

41. Montgomery received her discharge on October 27, 2022.

42. Based upon the Confirmed Amended Plan, Entry of Discharge, Notice of Final Cure Payment, Response to the Notice of Final Cure Payment, QWR Response, and B&S Response, there is no dispute that as of October 27, 2022, Montgomery had satisfied all

payments due on the mortgage due to be paid during the Chapter 13 Plan. *See* <u>Exhibit 8</u> and <u>Exhibit 9</u>.

43. Based on the allegations above, Fifth Third sent monthly Line of Credit Statements and the Acceleration Warning to Montgomery which all expressly indicated that Fifth Third was attempting to collect balances due on the Loan which were discharged during the Chapter 13. *See* <u>Exhibit 1</u> and <u>Exhibit 5</u>.

44. The acts of Fifth Third described herein demonstrate a willful pattern of overt acts that violate the discharge order obtained by Montgomery which must be stopped.

45. Fifth Third's improper actions caused Montgomery to suffer from actual and proximate damages including, but not limited to:

   a. Improper fees and charges in the amount of at least $1,999.41 being added to the Loan;

   b. Legal fees in the amount of at least $6,023.00 and expenses of $33.89; and,

   c. Severe emotional distress driven by Fifth Third's demands of amounts not owed, threats of foreclosure, and failure to correct the Loan's accounting after receipt of QWR #1 and QWR #2, and by the justified fear that such blatant indifference would result in an eventual foreclosure sale of the Residence unless she agrees to pay for amounts were not warranted, which has resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

46. As a result of the above violations of the discharge, Montgomery is entitled to recover against Fifth Third an award of actual damages, punitive damages, and legal fees and expenses pursuant to 11 U.S.C. § 105.

## PRAYER FOR RELIEF

**WHEREFORE**, Debtor/Plaintiff Diane S. Montgomery respectfully requests an Order granting Judgment against Creditor/Defendant Fifth Third Bank, N.A., as follows:

A. For an award of actual damages in an amount to be determined at trial;

B. For an award of punitive damages in an amount to be determined at trial;

C. For an award of attorneys' fees and costs pursuant to 11 U.S.C. § 105 in a total amount to be proven at trial; and

D. For all such further and other relief as this Court deems just and appropriate.

    Respectfully submitted,

    /s/ Brian D. Flick
    Brian D. Flick. (0081605)
    DannLaw
    15000 Madison Avenue
    Lakewood, OH 44107
    (513) 645-3488
    (216) 373-0539 e-fax
    notices@dannlaw.com
    *Attorney for Debtor(s)*